# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Doc. No. 3:07-cv-00438 (3:95-cr-00005)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MARC PIÉRRE HALL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THE MATTER is before the Court on Defendant's "Motion and Supplement [sic] Pleadings Pursuant 18 U.S.C. § 3582(c)(1)(A); (c)(2) (PSR) Challenges in Leave of Court" (Doc. No. 703), filed October 9, 2007.

Under 18 U.S.C. § 3582(c)(2), a court may modify an imposed term of imprisonment where the defendant has "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) ... [and] after considering the factors set forth in section 3553(a) ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 3582(c)(2) is only applicable to instances where a defendant is sentenced and a provision in the Sentencing Guidelines is subsequently amended, which, had the amendment occurred prior to the defendant's sentencing, would have resulted in a lower term of imprisonment. In such an instance, the court has the discretion to amend the defendant's term of imprisonment, but only after also considering the factors listed in § 3553(a) and the policy statements issued by the Sentencing Commission. This is not the situation now before this Court.

Although couched as a motion pursuant to 18 U.S.C. § 3582, Defendant's arguments make no mention of any change in the Sentencing Guideline provisions. Defendant contends that as a result of the Supreme Court case of Jones v. United States, 529 U.S. 848 (2000), the Presentence Report ("PSR") contains inaccurate information regarding Defendant's activities related to interstate commerce. According to Defendant, the Court relied on these statements in sentencing, and Defendant is entitled to be resentenced. The Jones case has no bearing on a motion made pursuant to § 3582. Instead, Defendant's motion is, in effect, a motion to amend his sentence, which is more appropriately construed as a petition pursuant to 28 U.S.C. § 2255.

As noted in an order of this Court on October 1, 2007, (Doc. No. 702), Defendant is well aware of the appropriate procedure to request a change in his sentence. He has exhausted his remedies under § 2255 and relief no longer lies with this Court, absent approval from the Fourth Circuit Court of Appeals. See 28 U.S.C. § 2255 ("[A] second or successive motion must be certified . . . by a panel of the appropriate court of appeals."). Defendant has been warned of the need for this certification numerous times.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion (Doc. No. 703) is **DISMISSED**. Accordingly, Defendant's Motion to Appoint Counsel (Doc. No. 704) is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 16, 2007

Frank D. Whitney
United States District Judge