UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:95-cr-5-FDW-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| MARC PIERRE HALL, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on several pending Motions filed by the *pro se* Defendant (Doc. Nos. 989, 990, 991, 992, 994, 1004, 1006, 1015, 1023, 1024, 1025, 1026, 1032). Also pending is a Motion to Withdraw filed by the Office of the Federal Public Defender, (Doc. No. 1029).

**I. BACKGROUND**

Defendant was found guilty in the underlying criminal case of drug, firearms, and explosives offenses and was sentenced to imprisonment for a term of life plus 60 years. (CR Doc. No. 409). Defendant challenged his conviction and sentence on direct appeal and the Fourth Circuit Court of Appeals affirmed. United States v. Hall, 129 F.3d 1261 (4th Cir. 1997). The United States Supreme Court denied certiorari. Hall v. United States, 524 U.S. 932 (1998).

Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 in 1999 that was dismissed and denied, case number 3:99-cv-61. Hall v. United States, 2001 WL 34563141 (W.D.N.C. Oct. 10, 2001). The Fourth Circuit denied a certificate of appealability and dismissed Defendant's appeal. United States v. Hall, 26 F. App'x 357 (4th Cir. 2002). The United States Supreme Court denied certiorari. Hall v. United States, 537 U.S. 894 (2002). Defendant's

1

subsequent attempts to reopen these proceedings were also denied. See United States v. Hall, 627 F. App'x 223 (4th Cir. 2015); Hall v. United States, 2016 WL 6762422 (W.D.N.C. Nov. 14, 2016); United States v. Hall, 658 F. App'x 291 (4th Cir. 2017).

Defendant then filed a number of successive § 2255 petitions that were all unsuccessful, case numbers 3:05-425, 3:07-cv-415, 3:07-cv-438, 3:07-cv-508.[1] See United States v. Hall, 2007 WL 2902992 (W.D.N.C. Oct. 1, 2007) (dismissing case number 3:05-cv-415 as successive), *aff'd* 271 F. App'x 328; United States v. Hall, 2007 WL 3046342 (W.D.N.C. Oct. 16, 2007) (dismissing case number 3:07-cv-438 as successive), *aff'd* 274 F. App'x 338; (CR Doc. No. 911), *aff'd* United States v. Hall, 528 F. App'x 377 (4th Cir. 2013), *cert. denied* 571 U.S. 944.

Presently pending are a number of *pro se* Motions in which the Defendant seeks the appointment of counsel and relief under the First Step Act, the Fair Sentencing Act, Rule 59(e), 28 U.S.C. § 1361, and Rule 4 of the Federal Rules of Appellate Procedure. The Court ordered the Government to respond to a number of Defendant's *pro se* Motions on February 7, 2020, (Doc. No. 1017). A Supplemental Presentence Investigation Report was filed that addresses Defendant's First Step Act claims, (Doc. No. 1018). The Office of the Federal Public Defender entered an appearance for the Defendant and asked that the case be stayed for 60 days to permit review of the case. (Doc. No. 1020). The request for stay was granted. (Doc. No. 1021). Defendant subsequently filed *pro se* Motions seeking, *inter alia*, withdrawal of his requests for relief under the First Step Act and for the appointment of counsel and requesting transfer to a federal medical treatment facility. (Doc. Nos. 1023, 1026). The Court ordered the Government to respond to Defendant's request for a medical transfer and also ordered the Federal Public Defender to notify the Court of

---

[1] The Court will not address the Defendant's extensive litigation history in other courts in the interest of judicial economy.

2

the status of its continued representation in this case. (Doc. No. 1027). The Federal Public Defender filed a Motion to Withdraw, (Doc. No. 1029), and the Government filed a Response, in opposition to the Defendant's request for transfer, (Doc. No. 1031).[2]

## II. DISCUSSION[3]

Defendant's Motions seeking relief under the First Step Act and for the appointment of counsel have been withdrawn and are now moot. The Federal Public Defender's Motion to Withdraw will be granted.

Defendant's Motion seeking a transfer to a medical facility will be denied, as transfers are within the sole discretion of the Federal Bureau of Prisons and outside this Court's authority. See 18 U.S.C. § 3621(b).

Defendant's Motion for an extension of time to file a notice of appeal will be denied. The Federal Rules of Appellate Procedure allow a district court to reopen the time to file an appeal for 14 days after the date when its order to reopen is entered if enumerated conditions are satisfied. Fed. R. App. P. 4(a)(6). Defendant has failed to satisfy either the 14-day time limit or the enumerated conditions set forth in Rule 4 and relief will therefore be denied.

Defendant also seeks relief under Rule 59(e) of the Federal Rules of Civil Procedure. A Rule 59(e) motion must be filed no later than 28 days after the entry of a judgment and permits relief in certain circumstances. Fed. R. Civ. P. 59(e). Rule 59(e) does not provide a vehicle for a defendant to challenge a criminal judgment, and therefore, his request for relief under Rule 59(e) in this criminal case will be denied. See United States v. Grapes, 408 F. App'x 766, 767 (4th Cir.

---

[2] Defendant clarified, in response to the Court's Order, that he is not seeking compassionate release. See (Doc. No. 1027).
[3] The Defendant is well known to the Court as a frivolous filer. Any claim or argument that is contained in his voluminous filings and is not specifically addressed in this Order has been considered and rejected.

2011).

Next, the Defendant seeks mandamus relief pursuant to 28 U.S.C. 1361 to compel this Court to rule on his pending Motions. As a preliminary matter, the Court notes that an order compelling itself to act is of dubious validity or effect. See generally Semper v. Gomez, 747 F.3d 229 (3d Cir. 2014) (finding that it was not appropriate for the district court to issue a writ of mandamus against its own chief judge). In any event, this request is moot insofar as the Court is now ruling on the pending Motions. Included in the § 1361 Motion is a request that the Court recuse itself from further proceedings involving Defendant "for bias." (Doc. No. 1015 at 2). The Defendant alleges that "Justice George 'Bundy' Smith (NYC Appeals) representing Hall, disclosed to Hall's family that Judge Whitney threatened Hall's lawyer assisting Justice Smith. That Judge Whitney told counsel that if he represented this defendant he would never win another case in his Court. Counsel for Hall quit his defense." (Doc. No. 1015 at 2). This request is untimely[4] and insufficient to support relief and will be denied. See 28 U.S.C. § 144; United States v. Owens, 902 F.2d 1154 (4th Cir. 1990) (denying recusal motion where the defendant knew of the essential facts on which he based the motion prior to the time of his plea, yet he chose to wait to seek recusal until after he learned what sentence the judge imposed); Unite States v. Rosenberg, 805 F.2d 1169, 1173 n.3 (3d Cir. 1987) ("Disqualification motion filed after the trial and judgment is usually considered untimely….").

Defendant's reliance on the Fair Sentencing Act is unavailing. The Defendant was convicted and sentenced in 1996. The Fair Sentencing Act was enacted in 2010 and is not

---

[4] George Bundy Smith applied to appear in this case *pro hac vice* and filed a Motion for Commutation of Sentence on August 15, 2012. (Doc. Nos. 910, 911). On August 16, 2012, the Court ordered counsel to show cause within seven days why the Motion was not frivolous and sanctionable. Local counsel filed a Response apologizing for Mr. Smith's frivolous filing and moved to withdraw from the case. (Doc. Nos. 914, 915). Mr. Smith did not respond.

retroactive. See United States v. Black, 737 F.3d 280 (4th Cir. 2013); United States v. Bullard, 645 F.3d 237 (4th Cir. 2011). Moreover, the Defendant previously sought, and was denied, sentencing adjustments under U.S. Sentencing Guideline Amendments 706 and 750; Amendment 782 results in no change to his sentence; and the life sentence remains valid. See (Doc. No. 1018).

To the extent that the Defendant yet again attempts to challenge his conviction and sentence based on grounds including drug weight, retroactively applicable case law, and jury instructions, these claims are properly asserted in a § 2255 petition. However, Defendant has asserted § 2255 petitions on numerous prior occasions and his successive filings will be barred until such time as the Defendant obtains authorization from the Fourth Circuit Court of Appeals to file another § 2255 petition.[5]

Finally, to the extent that the Defendant seeks damages, such relief is not available in this criminal case and the Defendant must pursue such claims, if he chooses to do so, in a separately filed civil action.[6]

### III. CONCLUSION

The Defendant's *pro se* Motions will be dismissed and denied and the Federal Public Defender's Motion to Withdraw will be granted.

**IT IS, THEREFORE, ORDERED** that:

1. The Defendant's pending Motions, (Doc. Nos. 989, 990, 991, 992, 994, 1004, 1006, 1015, 1023, 1024, 1025, 1026, 1032), are **DISMISSED** and **DENIED**.

2. The Motion to Withdraw filed by the Office of the Federal Public Defender, (Doc. No. 1029), is **GRANTED**.

---

[5] The Court notes that the Fourth Circuit denied Defendant's request for such authorization on February 26, 2020, case number 20-141.

[6] The Court makes no representations about the potential merit or procedural viability of such an action.

Signed: May 29, 2020

*Frank D. Whitney*
Frank D. Whitney
Chief United States District Judge