UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:95-cr-5-FDW-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| MARC PIERRE HALL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's *pro se* "Motion Requesting Permission to File Attached F.R.Cv.P. Rule 60(d)(1) Independent Action for Relief of Habeas Corpus 2255 Judgment," (Doc. No. 1077).

## I. BACKGROUND[1]

The Defendant was convicted by a jury of conspiracy to possess with intent to distribute cocaine and cocaine base within 1,000 feet of a school or playground in violation of 21 U.S.C. § 846 (Count One); two counts of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Counts Ten and Eleven); and using and carrying a destructive device and causing damage and destruction to real property which was in and affecting commerce in violation of 18 U.S.C. § 844(i) (Count Twelve). (Doc. No. 345). He was sentenced to life imprisonment for Count One, 480 months' imprisonment for Count Twelve, and 60 months' imprisonment for Count 12, concurrent; and a consecutive term of life imprisonment for Count Eleven. (Doc. No. 409). The Judgment was affirmed on direct appeal and certiorari was denied. United States v. Hall, 129 F.3d 1261 (4th Cir. 1997), *cert. denied* 524 U.S.

---

[1] This section summarizes the Defendant's extensive litigation history; it is not exhaustive.

932 (1998).

In 1999, the Defendant filed motion to vacate pursuant to 28 U.S.C. § 2255 that was denied, case number 3:99-cv-61-FDW. The Defendant's appeal was dismissed and certiorari was denied. United States v. Hall, 26 F. App'x 357 (4th Cir. 2002), *cert. denied* 537 U.S. 894 (2002). The Defendant then filed a number of successive *pro se* § 2255 actions, all of which were dismissed, as were the appeals. See 3:05-cr-425-GCM; 3:07-cv-415-FDW; 3:07-cv-438-FDW. He also filed motions seeking relief from judgment, including a Rule 60(d)(1) motion challenging the denial of his § 2255 petition in case number 3:99-cv-61. The Court dismissed the Motion as an unauthorized successive 2255 petition. Hall v. United States, 2016 WL 6762422 (W.D.N.C. Nov. 14, 2016). The Fourth Circuit dismissed the Defendant's appeal and denied him authorization to file a successive § 2255 motion pursuant to 28 U.S.C. § 2255(h). United States v. Hall, 285 F. App'x 291 (4th Cir. 2017).

Undeterred, the Defendant has now filed the instant Motion in the criminal case in which he appears to seek leave to file an independent action pursuant to Rule 60(d)(1) to relieve him from the Judgment denying him post-conviction relief in case number 3:99-cv-61. He contends that he his meritorious claims were denied because the Court failed to anticipate developments in the case law. He appears to ask the Court to set aside the Judgment in case number 3:99-cv-61 and adjust his sentence to: to ten years' imprisonment for Count One; five years, consecutive for Counts Ten and Eleven; and five years, concurrent, for Count Twelve. Alternatively, he asks the Court to "restrain any beneficiaries of the 2255 Judgment from receiving any benefit whatever from it." (Doc. No. 1077 at 12-13).

II. DISCUSSION

Rule 60(d)(1) provides that courts may "entertain an independent action to relieve a party

2

from a judgment, order or proceeding." Independent actions are "reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of *res judicata*." United States v. Beggerly, 524 U.S. 38, 46 (1998) (internal quotation omitted). In order to sustain an independent action in equity, a petitioner must show: (1) the judgment "ought not in equity and good conscience" be enforce; (2) he had a "good" claim; (3) that "fraud, accident or mistake" prevented him from obtaining the benefit of his claim; (4) "the absence of fault or negligence" on his part; and (5) the absence of any adequate remedy at law. Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, 675 F.2d 1349, 1358 (4th Cir. 1982).

Where a Rule 60 motion directly attacks a conviction or sentence, instead of seeking to remedy a defect in the collateral review process, the court treats such a motion as a successive petition for post-conviction relief. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015) (addressing Rule 60(b)). To certify a second or successive § 2255 motion for filing with this Court, the court of appeals must find that the motion contains either: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Without such pre-filing authorization, the district court lacks jurisdiction to consider a successive application. See Winestock, 340 F.3d at 205. A second-in-time § 2255 motion will not, however, be successive when "the facts relied on by the movant seeking resentencing did not exist when numerically first motion was filed and adjudicated." United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014).

The Defendant has failed to demonstrate the existence of any fraud, accident, or mistake

3

that prevented him from obtaining § 2255 relief. The record reflects that he presented his § 2255 claims, they were denied, and his appeal was dismissed. He then repeatedly attempted to assert successive § 2255 claims without first obtaining leave from the Fourth Circuit pursuant to § 2255(h). His present attempt to yet present § 2255 claims without first obtaining leave from the Fourth Circuit is another unauthorized attempt to file a successive § 2255 petition over which the Court lacks jurisdiction. Nor is the Defendant without an adequate remedy at law; he may petition the Fourth Circuit for authorization to file a successive § 2255 petition pursuant to § 2255(h) based on retroactive changes in the law.

## IV. CONCLUSION

For the foregoing reasons, Defendant's *pro se* "Motion Requesting Permission to File Attached F.R.Cv.P. Rule 60(d)(1) Independent Action for Relief of Habeas Corpus 2255 Judgment," (Doc. No. 1077), is construed as an unauthorized second or successive motion to vacate and it is dismissed for lack of jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's *pro se* "Motion Requesting Permission to File Attached F.R.Cv.P. Rule 60(d)(1) Independent Action for Relief of Habeas Corpus 2255 Judgment," (Doc. No. 1077), is construed as an unauthorized successive § 2255 motion to vacate and is **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

4

claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is respectfully instructed to docket a copy of the Motion and this Order in civil case number 3:99-cv-61-FDW.

Signed: September 8, 2021

Frank D. Whitney
United States District Judge