# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No: 0419 3:95-cr-00005-001 |
| Marc Pierre Hall | ) |
| | ) USM No: 11691-058 |
| Date of Original Judgment: 04/23/1996 | ) |
| Date of Previous Amended Judgment: 02/28/2022 | ) Pro se |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
  ☐ DENIED.  ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of  1,140  months **is reduced to**  825  .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated  5/13/1996, as amended on 2/28/2022  , shall remain in effect.

**IT IS SO ORDERED**.

Signed: July 2, 2024

Frank D. Whitney
United States District Judge

Effective Date: _____
*(if different from order date)*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Marc Pierre Hall
CASE NUMBER: 0419 3:95CR00005
DISTRICT: Western District of North Carolina

### I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: 40           Amended Total Offense Level: 40
Criminal History Category: III             Criminal History Category: II
Previous Guideline Range: 360 to 720 months   Amended Guideline Range: 324 to 405 months

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☒ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

### III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

Defendant is entitled to a sentence reduction under Amendment 821 to the United States Sentencing Guidelines. Under Amendment 821, Part A, Defendant no longer earns "Status Points," which reduces his criminal history category from III (with five criminal history points) to II (with three criminal history points). For the reasons stated in the Court's Order dated February 28, 2022, the application of Amendment 821 and the sentencing factors under 18 U.S.C. § 3553(a) counsel a sentence reduction on Count One to a sentence near the high-end of Defendant's revised guideline range. The Court therefore reduces Defendant's sentence as to Counts One and Twelve to 405 months imprisonment to run concurrently. Defendant's 60-month term of imprisonment on Count 10 to run consecutive and 360-month term of imprisonment on Count 11 to run consecutive remain unchanged, for an aggregate sentence of 825 months.

The Court reaffirms that Defendant is not entitled to a sentence reduction under Amendments 706, 750, or 782 to the Sentencing Guidelines for the reasons stated in the Court's Orders dated August 27, 2009, (Doc. No. 828), September 14, 2012, (Doc. No. 921), and February 1, 2016, (Doc. No. 962), respectively.